**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., | No. 13-35014 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01913-RSM |
| v. | |
| XACTWARE SOLUTIONS, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 9, 2013
Seattle, Washington

Before: THOMAS and NGUYEN, Circuit Judges, and DEARIE, Senior District Judge.[**]

Plaintiff-Appellant Eagle View Technologies, Inc. ("Eagle View") appeals

from the district court's order granting its motion for a preliminary injunction, but

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

limiting the duration of that injunction to sixty days. Eagle View appeals only the sixty-day limitation, pursuant to which the preliminary injunction would have expired on February 18, 2013. On January 23, 2013, a motions panel of this court stayed the expiration of the preliminary injunction pending this appeal. We affirm in part and reverse in part.

We need not decide whether defendant-appellee Xactware Solutions, Inc. ("Xactware") can challenge the district court's grant of injunctive relief absent a cross-appeal, because we conclude that the district court did not abuse its discretion in finding that Eagle View made a sufficient showing to warrant that relief. *See Winter v. Natural Res. Def. Council., Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Moreover, on the limited record before us, we simply cannot hold that preliminary injunctive relief is inappropriate for any of the various collateral grounds Xactware asserts in its papers, such as equitable estoppel, unclean hands, and the purported need for extensive court monitoring.

This brings us to the central issue on appeal: whether, having found that a preliminary injunction should issue, the district court nevertheless erred in limiting the duration of that injunction to sixty days. We have held that time limitations on injunctive relief may be appropriate in certain circumstances. *See Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974-75 (9th Cir. 1991). Moreover, as

the Supreme Court held in *Winter*, 555 U.S. at 22, no preliminary injunction may issue absent the movant's demonstration of likely irreparable injury.

The district court concluded that the sixty-day deadline for notice of non-renewal in Section 9 of the contract demonstrates that sixty days constitutes sufficient time for Eagle View to extricate itself from its dependence on Xactware's network.[1] We do not agree that Section 9, standing alone, provides an appropriate basis for limiting the injunction to sixty days. The notice of non-renewal provision does not expressly address the question of how long it would take Eagle View to unwind from Xactware. Moreover, the only direct testimony on the question comes from Eagle View CEO Craig Barrow, who asserts that sixty days is not enough time for Eagle View and its customers to transition to a new network, so long as the contractual exclusivity provision remains in place. We are satisfied that Section 9 provides insufficient grounds to conclude that no likelihood of irreparable injury persists after sixty days.

We must balance that conclusion against the consideration that, if Eagle

---

[1] Indeed, we read the district court's opinion as deriving this limitation *entirely* from the sixty-day deadline for notice of nonrenewal under Section 9 of the contract, not from the declining number of outstanding Hurricane Sandy property damage claims. Therefore, we express no opinion on whether the decline in Hurricane Sandy claims would have justified a shorter injunction.

View loses access to Xactware's network between now and trial and its business is largely destroyed as a result, then no permanent injunction could possibly remedy that irreparable harm. Trial is scheduled for October 15, 2013, approximately thirteen weeks from now, and the parties assure us that they are committed to proceeding on that date. In the meantime, prudence dictates that the injunction remain in force for these additional weeks and through the trial, to eliminate the very real risk that Eagle View ultimately prevails on the merits and yet finds itself ruined and without recourse.

In short, on the current state of the record, we conclude that only a preliminary injunction remaining in effect through trial will safely avoid the risk of irreparable harm. We stress that nothing in this disposition should be read to prejudge either party's position on the merits; that the district court remains free to modify its injunction upon appropriate application should changing circumstances require; and that the district court also remains free to tailor the scope of any permanent injunctive relief – including limitations on the duration of such relief – if the facts adduced at trial support such action.

Because the district court's injunction originally expired within sixty days, the district court declined to consider whether Eagle View should post appropriate security. Now that the injunction will remain in force, the district court should, if

4

necessary, revisit the question upon appropriate application.  Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**